McKinney J.,
delivered the opinion of the Court.
This hill ■was filed to enjoin the collection of a note given for the consideration, in part, of a tract of land.
The substantial facts necessary to he stated, in order to present the question submitted for determination, are, that, on the 5th of April, 1856, the complainant purchased from the defendant, Thompson, two tracts of land, at the price of $2,000: and for a portion of the purchase money, not discharged at the time of the contract, he executed two notes — one for $338.38, and the other for $666.66. The consideration of said notes is expressed upon their faces, as follows: “ The same being, in part, for an 85 acre, and 100 acre tract of land, this day bought of him.”' At the time of. the contract, Thompson conveyed said lands to complainant by deed, with covenant of general warranty; and though the fact is not directly alleged or proved, the inference is irresistible, from the whole record, and is not denied in argument, that the complainant was put in possession of the premises by his vendor, and still continues in the undisturbed enjoyment of the same. It is shown that the 100 acre tract above-mentioned originially formed part of a» entire tract of about 480 acres, purchased by said Thompson from one Grauntt, in February, 1854, and on the face of the deed from Grauntt to Thompson for said tract, (which was registered,) a lien is expressly reserved to secure the purchase money.
*272 It appears, also, that Thompson had divided said tract, and sold it in separate parcels — the 100 acres purchased by complainant being the last parcel sold. It is further established, that about $1,500 of the consideration money still remains unpaid, from Thompson to Gauntt; for which, it is supposed, the said 100 acre tract is liable to be made subject — Thompson having, shortly before the filing of the bill, become wholly insolvent.
The two notes above-mentioned, executed by complainant to Thompson, were assigned to the defendant, Brown, before due, and without actual notice of any existing equity against ■ them, as between the original parties. Upon the smaller note of the two, which was assigned to defendant, Brown, on the 23d of November, 1856, the latter had obtained judgment before a justice, to enjoin which this bill was filed. The ground of equity is the assumed liability of the 100 acre tract, for which said two notes were given (the price of the 85 acre tract having been discharged at the time of the contract) to the $1,500, unpaid purchase money, due from Thompson to Gauntt. This, it is alleged, constitutes a failure of the consideration of said two notes; and it is insisted that the defendant, Brown, is to be affected by this equity, by the constructive notice' arising out of the recital, in the notes, of the consideration for which they were given. The complainant substantially alleges in the bill, that he was wholly ignorant of the fact that any portion of the purchase money of said land remained unpaid by Thompson to Gauntt, or that any such lien existed upon the 100 acres purchased by him, until the day preceding the filing of the present bill, which was the 2d of October, 1857.
*273 It does not ■ appear from the record,- that Gauntt has taken any step to assert his supposed equitable lien upon said 100 acres of land, or that he contemplates doing so. This however is, perhaps, not important, as we do not intend to discuss the question, whether or not, upon the facts in this record, the lien could be made available against the complainant. But assuming, for the purpose of the present determination,'that a valid lien exists, we will confine ourselves- to the question, whether, upon that ground, the complainant can avoid the payment of the notes ■ to Brown ?
It is not pretended that the defendant is not a hona fide holder of the note for a valuable consideration, without notice of the facts upon which, according to the assumption, its validity may be impeached, unless the statement on the face of the note shall ■ be' held to be constructive notice of the facts.
It is conceded that whatever is sufficient to put a person upon inquiry, is equivalent to notice; and that where he has sufficient information to lead him to the knowledge of a fact, he shall be presumed to be cognizant of that fact. Upon this principle it is insisted that the defendant is chargeable with notice of the supposed equity in favor of complainant against the note in question; that information of the fact, derived from the face of the note, that it was given for specific tracts of land, was sufficient to put him upon a search of the register’s books to see whether or not the lands were free from all liens and incumbrances which might, by possibility, affect the title • of the complainant, and, by consequence, the validity of the notes given for the consideration money; and that it was likewise incumbent *274 upon bim to inquire into the fact' whether or not the purchase money had been fully paid to Grauntt, for the security of which a lien had been reserved, as before stated.
Wé fully assent to the legal proposition, that if Brown, at the time he took the note, had notice, either actual or constructive, that it was void, or subject to be impeached in the hands of Thompson, either for fraud, or want, or failure of consideration, he will hold it subject to the same equities to which it was liable in the hands of Thompson. But we are unable to concur with the complainant’s counsel as to the extent of the duty or obligation imposed upon the' defendant by the recital in the note. If the argument be sound, it wil% necessarily prove a very serious obstruction to the negotiation and free circulation of commercial paper. jéfr
The statement of the consideration is unuOTu in negotiable paper;' but, still, its negotiability is not théreby affected. And if unnecessarily stated in a note, what effect can be predicated of it, as against a Iona fide holder who received it before due, for a valuable consideration, and without actual notice of any equity existing against it in' the hands of the original holder ? If it, be merely stated that the consideration of the note was the purchase of land, or merchandise, -is an innocent holder bound to know that the purchaser acquired a good title to the land, or that he received the goods bargained for ? We should hesitate to affirm that he was. But this point is not necessary to be decided in the present case. Admit, for the sake of the argument, that such a statement in the note imposes some sort of duty upon the person who takes it, in due course of *275 trade, and under tbe circ^áínstances before stated, what is the extent of that duty ? In the present instance, was the defendant, at his peril, bound to examine the records of the register’s office beyond the conveyance made to the complainant, for the purpose of ascertaining whether, as between antecedent parties, liens might not exist, growing out of unpaid purchase money, by which the title of the former might, by possibility, be affected ? We think not. If any duty rested upon the defendant, the full extent of it was, simply, to know that the complainant was in the peaceable possession of the land under a title sufficient, in law, to invest him with a fee simple estate, accompanied- with the usual covenants for his indemnity. If this view be correct, the bill is destitute of equity. But were it otherwise, the bill was prematurely filed. It would be introducing a new principle to hold, as the Chancellor did, that the complainant might avoid payment of the note given for the land, on the ground of failure of the consideration, when there is no intimation in the bill of any attempt, or even apprehension of an attempt, to subject the land to the supposed liability in favor of G-auntt.
The decree must be reversed, and the bill dismissed.